# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2026

Lyle W. Cayce
Clerk

No. 24-20480

Loyda Alvarez; Ledys Dunn, *Independent Executor of* the Estate of Sammie D. Dunn; Albert Rodriguez; An Ng; Andrew Jamieson, *Et al.*,

> *Plaintiffs—Appellees/Cross-Appellants*,

*versus*

NES Global, L.L.C.,

> *Defendant—Appellant/Cross-Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1933

_____

Before Richman, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Loyda Alvarez sued NES Global, LLC ("NES") on behalf of a class of plaintiffs, alleging that NES's compensation scheme violated the Fair Labor Standards Act ("FLSA"). The district court granted Alvarez's motion for summary judgment, holding NES's scheme violated the FLSA.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20480

The district court also found NES did not willfully violate the FLSA. We affirm.

I

A

The FLSA sets out a federal minimum wage for most private and public sector employees. *See* 29 U.S.C. § 207. The Act mandates time-and-a-half pay for each hour a covered employee works beyond a 40-hour workweek. *Id.* § 207(a).

But there are exemptions. Employees who work in a "bona fide executive, administrative, or professional" capacity are exempt from the time-and-a-half requirement. *Id.* § 213(a)(1). Notably, the statute says this exemption can be "defined and delimited from time to time by regulations of the Secretary [of Labor]." *Id.*

The Department of Labor ("DOL") developed a three-part test to determine whether an employee fell into this exemption: the salary basis test, the salary level test, and the job duties test. 29 C.F.R. § 541.100. This case concerns the salary basis test.

The Secretary has defined "salary basis" in § 541.602 ("§ 602"), among other provisions. That Section says an employer pays an employee on a "salary basis" if the employee "receives" a guaranteed "predetermined amount" "on a weekly" "basis" as "part of the employee's compensation." *Id.* § 504.602. The Secretary has set out additional language in 541.604 ("§ 604). Under circuit precedent, that section means an employer pays an employee on a weekly basis only if it pays the employee a "weekly rate." *See Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 720 (5th Cir.

2024).[1] Thus, an employer must show that an employee receives a predetermined amount on a weekly basis, which means the employee must receive his weekly rate. *See id.*

B

NES is a staffing company with two sets of employees. The first includes internal employees who oversee the company's recruitment operations. The second includes contract employees who service NES's clients on a temporary basis. NES calls employees in this second category "candidates." Until December 2016, NES paid its employees a "straight hourly or day rate for all hours worked each workweek."

But in 2016, DOL audited NES. DOL discovered that NES claimed its "candidates" were exempt. It determined that NES's candidates were not exempt because they were not paid on a salary basis.[2] Thus, those employees should have been paid overtime under the FLSA. So, DOL said that NES owed approximately $2.1 million in unpaid overtime.

NES then changed its compensation scheme. The crux of the new scheme was that NES would pay a "retainer" for day-rate and hourly-rate employees. Under this framework, NES would pay a set amount—a minimum number of hours or days—if the employer did any work in a particular week. Then, if the individual exceeded a predetermined amount of

---

[1] Section 604 also lays out a second test not relevant here. Under this second test, the employer must show that there is a reasonable relationship between the guaranteed income and the amount the employee actually receives. 29 C.F.R. § 541.604(b). On appeal, NES does not argue that its scheme has a reasonable relationship to an employee's final compensation.

[2] DOL also said that some, but not all, of the employees may fail the duty test. ROA.6425.

hours or days, he was to be paid his normal hourly or daily rate for all hours worked.

Plaintiffs challenged this scheme as inconsistent with the FLSA and New Mexico state law. On cross-motions for summary judgment, the district court granted the plaintiffs' motion in part. It first held that NES did not compensate the plaintiffs on a "salary basis" as defined by § 602(a) or § 604(b). But it also granted NES's motion for summary judgment on two other issues: whether NES willfully violated the FLSA and whether Alvarez deserved liquidated damages.

Both parties appealed. NES requested that this court hear the appeal en banc because circuit precedent foreclosed its appeal. Our court rejected NES's request and assigned the case to our three-judge panel. We review the district court's summary judgment decision *de novo*.

## II

Both of the district court's holdings were correct: (A) NES's compensation scheme violates the FLSA, and (B) Alvarez is not entitled to liquidated damages.

## A

As NES appears to recognize, Fifth Circuit precedent forecloses its appeal. Section 602(a) requires that employees be paid on a weekly basis. In *Gentry*, a panel explained that "[p]ut simply, payment on a 'weekly basis' requires that an employee be paid a 'weekly rate.'" 102 F.4th at 720. The court continued, "And just as employees paid an hourly rate are paid for all work performed that hour, a weekly rate compensates employees for all work performed that week." *Id.* Thus, in *Gentry*, a guaranteed eight-hour payment failed the salary basis test. *Id.* at 721, 724. That's because a "salary" based on eight hours "failed to provide a weekly rate" and thus was "not a true

salary but was illusory." *Id.* at 721. So, *Gentry* requires that an employer guarantee a full weekly salary.

So too here. If a one-day or eight-hour guarantee does not qualify as a salary because it does not pay on a weekly rate, neither does NES's "retainer" of one- or two-day's pay. *Id.* Under *Gentry*, NES failed to pay its employees on a weekly basis. Thus, Alvarez is correct that NES's compensation scheme fails the salary basis test. So the district court was right to grant Alvarez's motion for summary judgment on this point.

B

Likewise, the district court did not err when it granted NES's motions for summary judgment on willfulness and liquidated damages.

1

Start with willfulness. The FLSA's default two-year limitations period is extended to three years if a company willfully violates the Act. 29 U.S.C. § 255(a). A defendant acts willfully if it "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Union*, 579 F.3d 546, 552 (5th Cir. 2009) (quotation omitted). There is no evidence that NES knew its scheme violated the FLSA. So the only question is whether Alvarez showed a genuine dispute of material fact as to whether NES showed a "reckless disregard for the matter of whether its conduct was prohibited." *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 926 (5th Cir. 2018) (per curiam) (quotation omitted).

It did not. There is no evidence in the record that NES ignored concerns about the legality of its compensation structure. Instead, the evidence shows that NES worked to ensure its compensation structure complied with the law. NES adopted its compensation scheme based on the

5

advice of counsel, and it had an FLSA questionnaire that analyzed each candidate's duties and whether they should be classified as "exempt." NES also provided materials describing its compensation practices to the DOL after the Department's original audit. These materials were designed to show that its policy complied with the FLSA going forward. Further, the Department found that there was no violation. And finally, the DOL determined that those candidates who received a day rate—similar to the retainer at issue—were "properly classified as exempt." Given this evidence, NES did not "recklessly disregard" the FLSA's mandates.

In response, the plaintiffs make two unconvincing arguments. First, they claim that courts cannot determine whether a defendant acted willfully at the summary judgment stage. They say doing so involves probing the defendant's state of mind, which involves credibility determinations. But the plaintiffs have not identified any issues for which witness credibility matters. Their willfulness arguments turn on documentary evidence, such as correspondence between NES and DOL. Evaluating such materials does not hinge on credibility.

Second, the plaintiffs point to the fact that NES did not pay the full retainer in some instances. The faulty payments concerned 18 out of 3,753 employee workweeks. An error rate of 0.48% is hardly indicative of bad-faith conduct. What's more, once NES identified the issue, NES fixed it. The district court did not err in granting summary judgment in the face of such evidence.

### 2

Next, consider liquidated damages. A district court must award a prevailing FLSA plaintiff liquidated damages. 29 U.S.C. § 216(b). But a district court may, in its "sound discretion," refuse to award liquidated damages if the employer demonstrates "good faith" and "reasonable

grounds" for believing it was not in violation of the statute. 29 U.S.C. § 260. The employer bears the burden of proving the reasonableness of its conduct. *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 387 n.16 (5th Cir. 2013).

NES acted in good faith. NES appears to have relied on DOL's determination that the payment scheme did not violate the FLSA under prevailing law at the time it was enacted. What's more, NES relied on the advice of counsel in crafting the compensation scheme. Both factors were sufficient for the district court to determine that NES acted in good faith. *See, e.g.*, *Lee v. Coahoma County*, 937 F.2d 220, 227 (5th Cir. 1991); *Hoenninger v. Leasing Enters., Ltd.*, 803 F. App'x 756, 760 (5th Cir. 2020) (per curiam).

AFFIRMED.